DANA A. SUNTAG (State Bar #125127)
ZOEY P. MERRILL (State Bar #268331)
THE SUNTAG LAW FIRM
A PROFESSIONAL CORPORATION
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California  95202
Telephone:  (209) 943-2004
Facsimile:    (209) 943-0905

MATTHEW P. DACEY (State Bar #196943)
OFFICE OF THE COUNTY COUNSEL OF SAN JOAQUIN
Deputy County Counsel
44 North San Joaquin Street, Suite 679
Stockton, California  95202
Telephone:  (209) 468-2980

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LUM, etc., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>　　　　Defendants. | **NO. 2:10-CV-01807-LKK-DAD**<br><br>**STIPULATION AND PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER

1

This stipulated protective order is entered into between Plaintiffs Jerry Lum and Dorothea Timmons, on the one hand, and Defendant County of San Joaquin (the "County"), on the other hand.

## RECITALS

A. Plaintiffs have requested the County to produce the County Sheriff's Department training records (the "Training Records") of Defendants Deputy Robert Davis, Sergeant Ray Walters, Sergeant Steven Pease, and Correctional Officer Felipe Mendoza, and Mark Hughes (the "Individuals").

B. The County has objected to the production of the Training Records based on the Individuals' rights to privacy as employees, including without limitation their peace officer rights pursuant to *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974) and California Evidence Code Sections 1043, 1045, and 1046.

C. Plaintiffs assert that the Training Records are relevant and discoverable, and, as a compromise, are willing to enter into a protective order to limit the use and dissemination of the Training Records.

## STIPULATION

IT IS STIPULATED AND AGREED, by Plaintiffs and the County, through their undersigned counsel of record:

1. While reserving all objections, the County shall produce the Training Records to Plaintiffs' counsel. Nothing contained in this stipulated protective order shall constitute a waiver of any objections Defendants may assert in response to Plaintiffs' request for Defendants to produce any other documents.

2. Plaintiffs and their counsel shall use the Training Records only for purposes of this lawsuit and any appeals.

3. Plaintiffs and their counsel shall maintain the confidentiality of the Training Records. Neither Plaintiffs nor their counsel shall provide a copy of the Training Records or any portion of them (whether in paper or electronic form) to anyone or disclose the contents of them to anyone.

        4.       Notwithstanding paragraph 3, above, Plaintiffs and their counsel may provide a copy of the Training Records to any expert witness they retain for purposes of testifying in this case or for purposes of providing expert consultation or advice to Plaintiffs or their counsel (collectively, "Expert Witness"). If Plaintiffs or their counsel provide a copy of the Training Records (or any portion of them) to an Expert Witness, they shall, at the same time, provide the Expert Witness with a copy of this stipulated protective order and advise the Expert Witness of the contents of it. Plaintiffs' counsel shall maintain, through the final conclusion of this lawsuit and any appeals, a written record of the date on which each Expert Witness was provided with a copy of this stipulated protective order.

        5.       Plaintiffs and their counsel shall maintain the Training Records in a folder or other container in a manner designed to preserve the confidential nature of the Training Records. The outside of such folder or container shall be conspicuously marked "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" and shall have a copy of this stipulated protective order affixed to the outside of it in a manner designed to provide reasonable notice that the folder or container contains confidential records.

        6.       If any of the Training Records are marked as an exhibit in a deposition in this case, counsel shall direct the court reporter to place the Training Records under seal. In addition, Plaintiffs' counsel shall provide a copy of this stipulated protective order to the court reporter.

        7.       If Plaintiffs wish to file any of the Training Records with the Court (*e.g.*, as an exhibit to a motion), they shall do so only after filing a proper motion with the Court seeking permission to file the document under seal in compliance with Local Rule 141.

STIPULATED PROTECTIVE ORDER

3

8. At the conclusion of this lawsuit and any appeals, Plaintiffs and their counsel shall return to Defendants' counsel the Training Records and all copies (electronic or paper) of them.

Dated: November 15, 2011            THE SUNTAG LAW FIRM
                                    A Professional Corporation


                                    By:  /s/ Dana A. Suntag
                                         DANA A. SUNTAG
                                         Attorneys for All Defendants

Dated: November 15, 2011            WALKER, HAMILTON & KOENIG LLP


                                    By:  /s/ Rana Ansari-Jaberi
                                         RANA ANSARI-JABERI
                                         Attorneys for All Plaintiffs

O R D E R

It is so ordered.
DATED: November 18, 2011

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD1\orders.civil\lum1807.stip.prot.ord.doc

STIPULATED PROTECTIVE ORDER
4