1  DANA A. SUNTAG (State Bar #125127)
   JOSHUA J. STEVENS (State Bar #238105)
2  ZOEY P. MERRILL (State Bar #268331)
   THE SUNTAG LAW FIRM
3  A PROFESSIONAL CORPORATION
   The Kress Building
4  20 North Sutter Street, Fourth Floor
   Stockton, California  95202
5  Telephone:  (209) 943-2004
   Facsimile:   (209) 943-0905
6
7  MATTHEW P. DACEY (State Bar #196943)
   OFFICE OF THE COUNTY COUNSEL OF SAN JOAQUIN
8  Deputy County Counsel
   44 North San Joaquin Street, Suite 679
9  Stockton, California  95202
   Telephone:  (209) 468-2980
10
   Attorneys for All Defendants
11
12                UNITED STATES DISTRICT COURT
13                EASTERN DISTRICT OF CALIFORNIA
14
15  JERRY LUM, etc., et al.,              NO. 2:10-CV-01807-LKK-DAD
16         Plaintiffs,                    STIPULATION AND
                                          PROTECTIVE ORDER
17         v.                             REGARDING PLAINTIFF
                                          DOROTHEA TIMMONS' MEDICAL
18  COUNTY OF SAN JOAQUIN, et al.,        RECORDS
19         Defendants.
20

STIPULATED PROTECTIVE ORDER

1

1   This stipulated protective order is entered into between Plaintiffs Jerry Lum and Dorothea Timmons, on the one hand, and Defendants County of San Joaquin, City of Lathrop, Ray Walters, Steven Pease, Robert Davis, and Felipe Mendoza (collectively "Defendants"), on the other hand.

## RECITALS

A.   Defendants served subpoenas on Ricardo Young, M.D., and Kaiser Permanente of Modesto (the "Subpoenas") for Plaintiff Dorothea Timmons' medical records (the "Medical Records").

B.   Plaintiffs objected to the Subpoenas, claiming the Subpoenas are overbroad and invade Timmons' right to privacy.

C.   Defendants assert that the Medical Records are relevant and discoverable, and, as a compromise, are willing to enter into this protective order to limit the scope of the Subpoenas.

## STIPULATION

IT IS STIPULATED AND AGREED, by Plaintiffs and Defendants, through their counsel of record:

1.   While reserving all objections, Defendants will limit the Subpoenas for the Medical Records for a maximum period of 10 years before the date of the execution of this stipulated protective order. Nothing contained in this stipulated protective order shall constitute a waiver of any objections Plaintiffs may later assert regarding the Medical Records.

2.   Defendants and their counsel shall use the Medical Records only for purposes of this lawsuit and any appeals.

3.   Defendants and their counsel shall maintain the confidentiality of the Medical Records. Neither Defendants nor their counsel shall provide a copy of the Medical Records or any portion of them (whether in paper or electronic form) to anyone or disclose the contents of them to anyone.

4.	Notwithstanding paragraph 4, above, Defendants and their counsel may provide a copy of the Medical Records to any expert witness they retain for purposes of testifying in this case or for purposes of providing expert consultation or advice to Defendants or their counsel (collectively, "Expert Witness"). If Defendants or their counsel provide a copy of the Medical Records (or any portion of them) to an Expert Witness, they shall, at the same time, provide the Expert Witness with a copy of this stipulated protective order and advise the Expert Witness of the contents of it. Defendants' counsel shall maintain, through the final conclusion of this lawsuit and any appeals, a written record of the date on which each Expert Witness was provided with a copy of this stipulated protective order.

5.	Defendants and their counsel shall maintain the Medical Records in a folder or other container in a manner designed to preserve the confidential nature of the Medical Records. The outside of such folder or container shall be conspicuously marked "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" and shall have a copy of this stipulated protective order affixed to the outside of it in a manner designed to provide reasonable notice that the folder or container contains confidential records.

6.	If any of the Medical Records are marked as an exhibit in a deposition in this case, counsel shall direct the court reporter to place the Medical Records under seal. In addition, Defendants' counsel shall provide a copy of this stipulated protective order to the court reporter.

7.	If Defendants wish to file any of the Medical Records with the Court (*e.g.*, as an exhibit to a motion), they shall do so only after filing a proper motion with the Court seeking permission to file the document under seal in compliance with Local Rule 141.

STIPULATED PROTECTIVE ORDER

3

8. At the conclusion of this lawsuit and any appeals, Defendants and their counsel shall send Plaintiffs' counsel the Medical Records and all copies (electronic or paper) of them.

Dated: December 22, 2011

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for All Defendants

Dated: January 3, 2012

WALKER, HAMILTON & KOENIG LLP

By: /s/ Peter J. Koenig
PETER J. KOENIG
Attorneys for All Plaintiffs

O R D E R

It is so ordered.

Dated: January 4, 2012

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD1\orders.civil
lum1807.stip.prot.ord.timmons.info.doc