DANA A. SUNTAG (State Bar #125127)
JOSHUA J. STEVENS (State Bar #238105)
ZOEY P. MERRILL (State Bar #268331)
THE SUNTAG LAW FIRM
A PROFESSIONAL CORPORATION
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California  95202
Telephone:  (209) 943-2004
Facsimile:   (209) 943-0905

MATTHEW P. DACEY (State Bar #196943)
OFFICE OF THE COUNTY COUNSEL OF SAN JOAQUIN
Deputy County Counsel
44 North San Joaquin Street, Suite 679
Stockton, California  95202
Telephone:  (209) 468-2980

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LUM, etc., et al., | **NO. 2:10-CV-01807-LKK-DAD** |
| Plaintiffs, | **STIPULATION AND PROTECTIVE ORDER REGARDING PLAINTIFF DOROTHEA TIMMONS' MEDICAL RECORDS** |
| v. | |
| COUNTY OF SAN JOAQUIN, et al., | |
| Defendants. | |

STIPULATED PROTECTIVE ORDER

1

1    This stipulated protective order is entered into between Plaintiffs Jerry

2  Lum and Dorothea Timmons, on the one hand, and Defendants County of San Joaquin,

3  City of Lathrop, Ray Walters, Steven Pease, Robert Davis, and Felipe Mendoza

4  (collectively "Defendants"), on the other hand.

5                                    RECITALS

6         A.    Defendants served subpoenas on Ricardo Young, M.D., and

7  Kaiser Permanente of Modesto (the "Subpoenas") for Plaintiff Dorothea Timmons'

8  medical records (the "Medical Records").

9         B.    Plaintiffs objected to the Subpoenas, claiming the Subpoenas are

10  overbroad and invade Timmons' right to privacy.

11         C.    Defendants assert that the Medical Records are relevant and

12  discoverable, and, as a compromise, are willing to enter into this protective order to

13  limit the scope of the Subpoenas.

14                                   STIPULATION

15         IT IS STIPULATED AND AGREED, by Plaintiffs and Defendants, through

16  their counsel of record:

17         1.    While reserving all objections, Defendants will limit the Subpoenas

18  for the Medical Records for a maximum period of 10 years before the date of the

19  execution of this stipulated protective order. Nothing contained in this stipulated

20  protective order shall constitute a waiver of any objections Plaintiffs may later assert

21  regarding the Medical Records.

22         2.    Defendants and their counsel shall use the Medical Records only

23  for purposes of this lawsuit and any appeals.

24         3.    Defendants and their counsel shall maintain the confidentiality of

25  the Medical Records. Neither Defendants nor their counsel shall provide a copy of the

26  Medical Records or any portion of them (whether in paper or electronic form) to anyone

27  or disclose the contents of them to anyone.

28

STIPULATED PROTECTIVE ORDER

2

4.      Notwithstanding paragraph 4, above, Defendants and their counsel may provide a copy of the Medical Records to any expert witness they retain for purposes of testifying in this case or for purposes of providing expert consultation or advice to Defendants or their counsel (collectively, "Expert Witness"). If Defendants or their counsel provide a copy of the Medical Records (or any portion of them) to an Expert Witness, they shall, at the same time, provide the Expert Witness with a copy of this stipulated protective order and advise the Expert Witness of the contents of it. Defendants' counsel shall maintain, through the final conclusion of this lawsuit and any appeals, a written record of the date on which each Expert Witness was provided with a copy of this stipulated protective order.

5.      Defendants and their counsel shall maintain the Medical Records in a folder or other container in a manner designed to preserve the confidential nature of the Medical Records. The outside of such folder or container shall be conspicuously marked "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" and shall have a copy of this stipulated protective order affixed to the outside of it in a manner designed to provide reasonable notice that the folder or container contains confidential records.

6.      If any of the Medical Records are marked as an exhibit in a deposition in this case, counsel shall direct the court reporter to place the Medical Records under seal. In addition, Defendants' counsel shall provide a copy of this stipulated protective order to the court reporter.

7.      If Defendants wish to file any of the Medical Records with the Court (*e.g.*, as an exhibit to a motion), they shall do so only after filing a proper motion with the Court seeking permission to file the document under seal in compliance with Local Rule 141.

STIPULATED PROTECTIVE ORDER

3

8.      At the conclusion of this lawsuit and any appeals, Defendants and their counsel shall send Plaintiffs' counsel the Medical Records and all copies (electronic or paper) of them.

Dated: December 22, 2011                    THE SUNTAG LAW FIRM
                                            A Professional Corporation


                                            By:   */s/ Dana A. Suntag*
                                                  DANA A. SUNTAG
                                                  Attorneys for All Defendants

Dated: January 3, 2012                      WALKER, HAMILTON & KOENIG LLP


                                            By:   */s/ Peter J. Koenig*
                                                  PETER J. KOENIG
                                                  Attorneys for All Plaintiffs

                          O R D E R

        It is so ordered.

Dated: January 4, 2012




                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE


DDAD1\orders.civil
lum1807.stip.prot.ord.timmons.info.doc

STIPULATED PROTECTIVE ORDER
                                    4