IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY LUM, et al.,

        Plaintiffs,                      No. CIV S-10-1807 LKK DAD

    v.

COUNTY OF SAN JOAQUIN,        ORDER
et al.,

        Defendants.
_____/

        By order issued November 18, 2011, plaintiffs' motion to compel further responses to their Special Interrogatories (Set One) and to compel further production of documents responsive to their Request for Production of Documents (Set One) was granted in part and denied in part.  The written order issued that same date required that on or before December 5, 2011, counsel for the defendants to file submit a declaration setting forth the good-faith efforts taken in responding to plaintiff's discovery requests discussed at the hearing.  In addition, by that same date counsel for defendants was required to submit for in camera review the letter to file which the defense was asserting as to a portion the attorney-client privilege.  Below, the court addresses each aspect of defendants' compliance with that order.

/////

/////

1

I. <u>Declaration Re Efforts Made to Respond to Plaintiff's Discovery Requests</u>

On December 5, 2011, in an attempt to comply with the court's order, counsel for defendants filed the declaration of San Joaquin County Sheriff's Department Sergeant John Basalto regarding the good-faith efforts undertaken in responding to plaintiffs' discovery requests discussed at the November 18, 2011 hearing. Sgt. Basalto's declaration addresses what information the officers arresting Jeremy Lum on July 8, 2009, would have had access to through the various databases available on the computerized console of their police vehicles. In addition, Sgt. Basalto attached to his declaration as Exhibits A-D the records which he printed out from each of those various databases at his work station on December 1, 2011.[1]

In general, the court finds Sgt. Basalto's declaration and attachments thereto to satisfy the requirements of the court's November 21, 2011 order. However, due to either typographical or printing error, the declaration was submitted with a line or lines at the bottom of pages 2 and 3 obviously cut-off, resulting in incomplete sentences. Because the court cannot determine whether anything of substance was omitted, defendants will be required to file an amended declaration correcting this error within fourteen days of the date of this order.

II. <u>Assertion of the Attorney-Client Privilege as to Letter to File</u>

In addition, on December 5, 2011, defense counsel submitted the October 1, 2009 letter from Sgt. Basalto to the file, along with an explanation of the basis for defendants' assertion of the attorney-client privilege as to the redacted portion of that document, for in-camera review. The court has conducted that in camera review and finds defendants' assertion of the attorney-client privilege with respect to the letter to be insufficiently supported.

"[A] party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication." <u>United States v. Ruehle</u>, 583 F.3d 600, 607 (9th Cir. 2009) (quoting <u>United States v. Bauer</u>, 132

---

[1] Those attached documents appear to be the supplemental production of documents by defendants anticipated in the court's November 21, 2011, order.

F.3d 504, 507 (9th Cir. 1997)).  Moreover, "the attorney-client privilege is strictly construed." Id. (quoting United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002)).

An eight-part test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting Ruehle, 583 F.3d at 607).

Here, it appears that Sgt. Basalto was an employee of the defendant entity acting in the scope of his employment and communicating with counsel for the entity.  See Upjohn Co. v. United States, 449 U.S. 383, 391-93 (1981); Graf, 610 F.3d at 1157-59.  However, defendants have made no showing that the redacted portion of Sgt. Basalto's letter to the file reflects a communication between an employee of defendant, acting in the course of his employment, and the defendant's professional legal advisor.  It is true that "[a] memorandum to a file may be protected where it records a confidential attorney-client communication." In re Rivastigmine Patent Litigation, 237 F.R.D. 69, 83 (S.D. N.Y. 2006); see also Baxter Healthcare Corporations, et al., v. Fresenius Medical Care Holding, Inc., No. C 07-1359 PJH (JL), 2009 WL 533124, at *1, (N.D. Cal. Mar. 3, 2009) (where a document "by its nature and contents memorializes and reflects legal advice rendered in a privileged conversation" it is appropriately withheld as privileged); Parvati Corp v. City of Oak Forest et al., No. 08 C 702, 2010 WL 4822927, at *2 (N.D. Ill. Nov. 16, 2010) (holding that a memorandum to file concerning conversations between defendants and their counsel about the subject matter of the litigation was protected by the attorney-client privilege).  Nonetheless, to be protected by the privilege, any such memorandum must record a privileged communication and the party asserting the privilege has the burden of establishing that all elements of the privilege's applicability have been met.  In re Rivastigmine

Patent Litigation, 237 F.R.D. at 83.  Moreover, the mere fact that a person consulted an attorney is not generally privileged information.  In re Osterhoudt, 722 F.3d 591, 593 (9th Cir. 1983) (the mere fact of legal representation is preliminary and does not necessarily involve the disclosure of any communication arising from that relation) (citing Chirac v. Reinicker, 24 U.S. (11 Wheat.) 280 (1826); see also United States v. Robinson, 121 F.3d 971, 976 (5th Cir. 1997); Abels v. JBC Legal Group, P.C., No. 5:04CV2345JW(RS), 2005 WL 3839308, at *3 (N.D. Cal. Oct. 21, 2005)

Here, the redacted portion of the letter to file clearly appears not to reveal any communication from Sgt. Basalto, the client's employee, to counsel.  Moreover, the redacted portion of the memorandum also does not appear to reflect any communication from counsel to Sgt. Basalto.  As such, defendants have failed to meet their burden of establishing that the redacted portion of Sgt. Basalto's October 1, 2009 letter to the file is protected from disclosure by the attorney-client privilege.

Accordingly, IT IS HEREBY ORDERED that the unredacted October 1, 2009 letter to the file by Sgt. Balsalto shall be produced to plaintiffs' counsel within fourteen days of the date of this order.[2]

DATED: January 4, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\lum10cv1807.attyclient.mtc

---

[2] If defendants conclude that they can satisfy their burden in this regard, they may move to reconsider prior to this compliance date based upon a proper showing.