UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY LUM, et al.,

        Plaintiffs,

   v.

COUNTY OF SAN JOAQUIN, et al.,

        Defendants.

/

NO. CIV. S-10-1807 LKK/DAD

O R D E R

Pending before the court is a Motion for Summary Judgment filed by defendants. In that motion, defendants assert that the officers who arrested Lum were employees of the County of San Joaquin and not the City of Lathrop. Evidence in the record indicates that the arresting officers were performing police services for the City of Lathrop, pursuant to a contract. Defendants assert that, as County employees, the arresting officers can not possibly have policymaking authority for the City of Lathrop. See Defs.' Mot. Summ. J. 14:24-25, ECF No. 71. Plaintiffs assert that Sergeants Walters and Pease were "on the scene as

1

supervisors," and that they were contracted out to the City of Lathrop. Therefore, according to plaintiffs, a jury could conclude that Sergeants Walters and Pease had policymaking authority for the City of Lathrop.

The court finds that the briefing from both sides on this issue is inadequate. Accordingly, the court ORDERS each party to submit additional briefing addressing the following questions:

1) The contract appears to require the appointment of a police chief.  Was such a person appointed and, if so, did he or she have a policy regarding arrest of persons having apparent mental problems.  If no one was appointed, what is the effect?

2) Under the particular circumstances of this case, which municipal entity, if any, is responsible for policy made by Sergeants Walters and Pease while they are employed by the County but performing work for the City pursuant to contract? The parties SHALL submit their briefs on these questions no later than twenty-one (21) days from the issuance of this order; the briefs shall be no more than 20 pages.

IT IS SO ORDERED.

DATED:  March 1, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT