1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9
   JERRY LUM, et al.,
10
                                    NO. CIV. S-10-1807 LKK/DAD
11          Plaintiffs,

12       v.
                                    O R D E R
13   COUNTY OF SAN JOAQUIN,
     et al.,
14

15          Defendants.

16 _____/

17       This case arises from the death of Jeremy Lum, whose body was

18   discovered in the San Joaquin River shortly after being released

19   from San Joaquin County jail. Pending before the court is a motion

20   by defendants for a stay pending appeal, ECF No. 114.

21                      **I. Procedural Background**

22       Defendants in this case filed a motion for summary judgment

23   on January 30, 2012. A hearing was held on February 27, 2012.

24   Shortly thereafter, the court ordered additional briefing on two

25   questions related to Monell liability. This court then issued an

26   order on March 23, 2012, granting in part and denying in part a

                                    1

1   motion for summary judgment by defendants. ECF No. 107. That order

2   did not address the issue of whether any entity has <u>Monell</u>

3   liability for the arresting officer defendants' conduct. The

4   supplemental briefing on that question has been submitted by the

5   parties, but the court has not yet ruled on that issue. The case

6   is set for trial on August 28, 2012.

7       On April 27, 2012, the defendants filed a Notice of

8   Interlocutory Appeal. ECF No. 108. The Notice is on behalf of the

9   individual defendants and relates to those portions of the court's

10  March 23, 2012 order denying summary judgment on the issues of

11  qualified immunity and state law immunity. The defendants also

12  appeal other portions of the order, relying on the doctrine of

13  pendent appellate jurisdiction. On May 7, 2012, defendants filed

14  a motion with this court to stay all proceedings in this case

15  pending resolution of the interlocutory appeal. Plaintiffs oppose

16  the motion. For the reasons stated herein, the Motion for a Stay

17  is reluctantly GRANTED.

18  **II. Standard for a Motion to Stay Pending Appeal of Denial of**

19  **Qualified Immunity**

20      In determining whether to stay proceedings pending appeal of

21  a denial of qualified immunity, district courts must weigh the

22  interests of the defendants claiming immunity from trial with the

23  interest of the other litigants and the judicial system. "During

24  the appeal memories fade, attorneys' meters tick, judges' schedules

25  become chaotic (to the detriment of litigants in other cases).

26  Plaintiffs' entitlements may be lost or undermined." <u>Apostol v.</u>

1 <u>Gallion</u>, 870 F.2d 1335, 1338-1339 (7th Cir. 1989). Nonetheless, a

2 stay is automatic so long as the appeal is not frivolous, <u>Chuman</u>

3 <u>v. Wright</u>, 960 F.2d 104, 105 (9th Cir. 1992), and turns on an issue

4 of law, <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985).[1]

5 **III. Analysis**

6 **A. Defendants' Qualified Immunity and State-Law Immunity Appeals**

7       "A district court's denial of a claim of qualified immunity,

8 to the extent that it turns on an issue of law, is an appealable

9 'final decision' within the meaning of 28 U.S.C. § 1291

10 notwithstanding the absence of a final judgment." <u>Mitchell v.</u>

11 <u>Forsyth</u>, 472 U.S. 511, 530 (1985). This is because it has been held

12 that qualified immunity is immunity from suit, and not just a

13 defense to liability. <u>Knox v. Southwest Airlines</u>, 124 F.3d 1103,

14 1107 (9th Cir. 1997). "The filing of a notice of appeal is an event

15 of jurisdictional significance -- it confers jurisdiction on the

16 court of appeals and divests the district court of its control over

17 those aspects of the case involved in the appeal." <u>Griggs v.</u>

18 <u>Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982). <u>See also</u>,

19 <u>Small ex rel. NLRB v. Operative Plasterers' & Cement Masons' Int'l</u>

20 <u>Ass'n Local 200, AFL-CIO</u>, 611 F.3d 483 (9th Cir. 2010) (applying

21 <u>Griggs</u>).

22       In the context of interlocutory appeals based on qualified

23 _____

24       [1] The court must express its wonder at the balancing of
interests that led to this result, and cannot but wonder what the
25 post-Civil War congress that passed § 1983 would think of the
result. Obviously, however, whether personally dismayed or not,
26 this court is bound by the decisions of the Supreme Court.

1  immunity, the district court is automatically divested of

2  jurisdiction to proceed with trial pending appeal unless the

3  district court finds that the defendants' claim of qualified

4  immunity is frivolous or has been waived, and certifies such in

5  writing. Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992). This

6  approach has been endorsed by the Supreme Court. Behrens v.

7  Pelletier, 116 S. Ct. 834 (1996).

8      A qualified immunity appeal is frivolous if it is "unfounded"

9  and "baseless." Marks v. Clarke, 102 F.3d 1012 (9th Cir. 1997). The

10  power to certify that a claim of qualified immunity is "frivolous,"

11  and thus does not invoke appellate jurisdiction, is intended to

12  protect against defendants who would use the appeal process to

13  delay trial and injure the "legitimate interests of other litigants

14  and the justice system." Apostol v. Gallion, 870 F.2d 1335, 1339

15  (7th Cir. 1989). Thus "if the claim of immunity is a sham. . . the

16  notice of appeal does not transfer jurisdiction to the court of

17  appeals, and so does not stop the district court in its tracks."

18  Id. The power to certify a qualified immunity claim as frivolous,

19  however, "must be used with restraint." Id.

20      The Chuman rule that an appeal of a denial of immunity, unless

21  frivolous, divests the district court of jurisdiction applies to

22  state-law immunities that function as immunities from suit, as

23  opposed to a defense from liability. Liberal v. Estrada, 632 F.3d

24  1064 (9th Cir. 2011). The state-law immunities at issue in this

25  case are 845.8(a) and Government Code 855.8(a). Plaintiff has not

26  cited, and the court is not aware of any cases holding that those

1   immunities are merely defenses to liability.[2] Accordingly, the

2   court assumes for the purposes of this motion that they are

3   immunities from suit. Thus, the court assumes that it is divested

4   of jurisdiction over defendants' claims of state-law immunity

5   unless they are frivolous.

6        Plaintiffs here argue that the appeal with respect to the

7   Fourth Amendment claim is frivolous because defendants are

8   appealing this court's denial of qualified immunity based on a

9   factual question and not a legal one. Whether defendants' appeal

10  of the denial of qualified immunity "turns on an issue of law," and

11  is thus ripe for appeal, is a question for the court of appeals to

12  determine based on arguments made by the parties in that forum.

13  This court based its denial of qualified immunity upon a

14  determination that "drawing all inferences in favor of the non-

15  moving party, the court cannot conclude, on the record before it,

16  that this was a reasonable [arrest] under the circumstances."

17  Summary Judgment Order at 9. Relying on Ninth Circuit case law,

18  this court concluded that defendants were entitled to summary

19  judgment on qualified immunity only if "the evidence permits only

20  one reasonable conclusion. Where 'conflicting inferences may be

21  drawn from the facts, the case must go to the jury.'" Id. quoting

22  Munger v. City of Glasgow Police Dep't, 227 F.3d 1082, 1087 (9th

23

24        [2] During the court's time as a California practitioner and
    state court judge, the undersigned would have assumed, without
25  more, that in accordance with state law generally, the immunity was
    to liability. Nonetheless, as explained elsewhere, judicial
26  economy requires a stay of the state issues.

1  Cir. 2000). Defendants have not indicated any *legal* conclusions

2  drawn by this court's Summary Judgment Order that they are

3  appealing. Instead, defendants insist that they are entitled to

4  qualified immunity because "the evidence on the summary judgment

5  motion showed that the Individual Defendants believed, based on

6  multiple objective criteria, that Jeremy Lum was drunk and

7  therefore subject to arrest." Defs.' Mot. to Stay 6:1-3, ECF No.

8  114.

9      This court maintains that qualified immunity for the arresting

10  officers turns on a resolution of the factual dispute of whether,

11  given the witness testimony and other evidence, it was objectively

12  reasonable for the officers to believe that Lum was intoxicated.

13  However, as noted, "the filing of a notice of appeal . . . confers

14  jurisdiction on the court of appeals and divests the district court

15  of its control over those aspects of the case involved in the

16  appeal." Griggs, 459 U.S.  at 58 (1982). While the Ninth Circuit

17  may deny the appeal because it does not turn on a legal question,

18  this court is automatically divested of jurisdiction unless it

19  finds that the appeal is frivolous; while a close question, the

20  court finds that it is not.

21     Plaintiffs assert that defendants' appeal of the court's

22  denial of qualified immunity on Plaintiffs' Fourteenth Amendment

23  claim is frivolous because this court's order was based on clearly

24  established law regarding "danger-creation, special relationship,

25  and failure-to-render-medical-care." Pls.' Opp'n 6. That very

26  question (defendants' potential liability under those theories) is

1  what defendants appeal. Plaintiffs appear to argue that since the

2  court based its decision on what appears to the court to be clearly

3  established law, the appeal is frivolous. But any district court

4  order denying qualified immunity would rest on a conclusion about

5  "clearly established" law, and such a basis  rendering the decision

6  unappealable would be contrary to the Supreme Court's holding in

7  <u>Mitchell</u> that rulings on qualified immunity are eligible for

8  interlocutory appeal.

9       Accordingly, the court cannot find that the appeal is

10  frivolous.

11  **B. Pendant Appellate Jurisdiction**

12       Defendants assert that the Ninth Circuit has pendent appellate

13  jurisdiction over the claims against the entity defendants. Courts

14  of appeals are not required to "confine review to the precise

15  decision independently subject to appeal." <u>Swint v. Chambers County</u>

16  <u>Comm'n</u>, 514 U.S. 35, 51 (1995). When a ruling that is not

17  independently appealable is "inextricably intertwined" with one

18  that is, the appellate court may exercise pendent appellate

19  jurisdiction, divesting the district court of jurisdiction. "A

20  pendent appellate claim can be regarded as inextricably intertwined

21  with a properly reviewable claim on collateral appeal only if the

22  pendent claim is coterminous with, or subsumed in, the claim before

23  the court on interlocutory appeal - that is, when the appellate

24  resolution of the collateral appeal necessarily resolves the

25  pendent claim as well." <u>Huskey v. City of San Jose</u>, 204 F.3d 893,

26  905 (9th Cir. 2000). Here, defendants assert that the Ninth Circuit

has pendent appellate jurisdiction over the claims against the entity defendants because the viability of those claims depends on whether the Ninth Circuit finds that the individual defendants are entitled to qualified immunity. Whether that is true or not, there is a practical question: should the court bifurcate the trial of what are essentially similar questions. Judicial economy requires a negative answer.

With respect to plaintiffs' ADA claim, it seems clear that the appeal does not effect the claim. Again, however, judicial economy requires a stay.  It is for the Ninth Circuit to decide whether to exercise pendent appellate jurisdiction. This court merely concludes that the appeal on qualified immunity is not frivolous as that term is defined.

## IV. Conclusion

For the reasons stated herein, defendants' motion to stay is GRANTED in its entirety. The entire matter is STAYED pending resolution of defendants' appeal. All dates previously set in this case are VACATED.

IT IS SO ORDERED.

DATED:   June 7, 2012.


_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT