UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LUM, individually, and as successor of interest to Jeremy Lum, et al., <br><br>   Plaintiffs, <br><br>   v. <br><br> COUNTY OF SAN JOAQUIN, et al., <br><br>   Defendants. | No. 2:10-cv-01807-MCE-DAD <br><br> <u>FIRST AMENDED PRETRIAL SCHEDULING ORDER</u> |

      On August 27, 2014, due to the retirement of Senior Judge Lawrence K. Karlton to the bench of the Eastern District, this action was reassigned to Chief Judge Morrison C. England, Jr. for all further proceedings. ECF No. 136. In light of the Memorandum and Orders (ECF Nos. 134, 135, 138) issued by the United States Court of Appeals for the Ninth Circuit, the Court parties were ordered to file a joint status report apprising the Court of the status of the case. ECF No. 140. After reviewing the parties' October 13, 2014, Joint Status Report (ECF No. 141), the Court makes the following First Amended Pretrial Scheduling Order. As set forth below, to the extent that Defendants' Motion for Summary Judgment (ECF No. 71) as to the <u>Monell</u> liability issue remains pending before the Court, it is DENIED without prejudice to being renewed in a timely Motion for Summary Adjudication as set forth in this Order and in accordance with the Local Rules.

I.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

II.  JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367.  ECF No. 19. Jurisdiction and venue are not contested.  Id.

III.  DISCOVERY

Discovery is CLOSED.  See ECF Nos. 19; 141.

V.  MOTION HEARING SCHEDULE

On January 30, 2012, Defendants moved for summary judgment in part on the grounds that Plaintiffs cannot establish Monell liability.  See Mot., ECF No. 71.  The Court ordered supplemental briefing on this issue.  See Order, ECF No. 99; ECF Nos. 101-106.  However, as a result of an interlocutory appeal and a subsequent stay of this matter in the District Court, the Monell issue remains pending before the Court.  See ECF Nos. 107 at 1, 25; 120; 141.  On August 4, 2014, the Ninth Circuit issued a Memorandum affirming the Court's denial of summary judgment on Plaintiffs' Fourth and Fourteenth Amendment claims and denial of immunity under California law, and dismissing the remaining issues on appeal for lack of jurisdiction.  ECF Nos. 134; see ECF No. 141.  On August 27, 2014, the Ninth Circuit issued a Mandate, returning jurisdiction over this matter to this Court.  ECF No. 139.  To the extent that Defendants' Motion for Summary Judgment (ECF No. 71) as to the Monell liability issue remains pending before the Court, it is **DENIED WITHOUT PREJUDICE** to being renewed in a Motion for Summary Adjudication as set forth below.[1]

///

---

[1] The Court is cognizant that the parties briefed this issue before Judge Karlton.  However, given that several years have passed since the parties submitted their initial and supplemental briefing on this issue, the parties are directed to renew their briefing in full as to the Monell liability issue only as set forth in this order.  The parties are cautioned that they must fully brief the Court as to all relevant facts and law regardless of whether it was previously presented to the Court in either their initial or supplemental briefing.  The failure to renew any argument previously presented to the Court by the parties in their initial or supplemental briefing may constitute waiver.

Defendants may renew their Motion for Summary Judgment as to the Monell liability issue only in a properly noticed Motion for Summary Adjudication. The last day to hear dispositive motions shall be **Thursday, October 15, 2015.** All papers should be filed in conformity with the Local Rules. See, e.g., E.D. Cal. Local R. 230. The parties are directed to the Court's website for available hearing dates. (www.caed.uscourts.gov → choose Judges → choose Judge England → choose Standard Information)

All purely legal issues are to be resolved by timely pretrial motions. When appropriate, failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily. With respect to motions for summary judgment, failure to comply with Local Rules 230 and 260, as modified by this Order, may result in dismissal for failure to prosecute (or failure to defend) pursuant to this Court's inherent authority to control its docket and/or Federal Rule of Civil Procedure 41(b). Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to the Supreme Court Lexis database should include parallel citations to the Westlaw database.

The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to scrupulously review Local Rule 260.

motions in limine.  The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VI.     FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **February 4, 2016, at 2:00 p.m.**  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **January 14, 2016**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims. The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner. Where the parties are unable to agree as to what disputed facts are properly before the

Court for trial, they should nevertheless list all disputed facts asserted by each party. Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs. Points of law should reflect issues derived from the core undisputed and disputed facts. Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial. The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiffs' exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial. All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the event that Plaintiffs and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified. The Court

cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the Court's processes.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind. A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

VII.   TRIAL BRIEFS

The parties shall file trial briefs not later than **January 21, 2016**. Counsel are directed to Local Rule 285 regarding the content of trial briefs.

VIII.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

Any evidentiary or procedural motions are to be filed by **January 14, 2016**. Oppositions must be filed by **January 21, 2016,** and any reply must be filed by **January 28, 2016.** The motions will be heard by the Court at the same time as the Final Pretrial Conference.

///

///

///

IX. <u>TRIAL SETTING</u>

The trial is SET for by **April 4, 2016, at 9:00 a.m**. Trial will be a jury trial. The panel will consist of eight (8) jurors. Plaintiffs estimate a trial length of **twelve (12) days**. ECF No. 141.[3]

Due to the Court's high civil caseload, the parties are encouraged to consider consenting to a trial before the assigned Magistrate Judge[4] as well as availing themselves of the Court's Alternative Dispute Resolution programs.[5] <u>See</u> E.D. Cal. Local Rules 171, 301.

X. <u>SETTLEMENT CONFERENCE</u>

At the Final Pretrial Conference, the Court may set a settlement conference if the parties so request. In the event no settlement conference is requested, the parties are free to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

In the event a settlement conference is set by the Court, counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to

---

[3] The Court previously estimated that the trial will take approximately ten (10) days. <u>See</u> ECF No. 19 at 9. At the Final Pretrial Conference, the parties are directed to provide the Court with an updated estimate as to the length of the trial.

[4] The Eastern District of California has for years been one of the busiest District Courts in the nation. The parties are reminded that pursuant to Federal Rule of Civil Procedure 73 and Local Rule 301, the parties may consent to a jury or nonjury trial before the assigned Magistrate Judge. As a result of the Court's high civil case load and the right to a speedy trial in criminal cases, the parties are encouraged to consider the advantages of consenting to Magistrate Judge jurisdiction. Magistrate Judges can assign civil litigants a trial date much sooner and with more certainty than District Court Judges. In addition, since Magistrate Judges do not try felony cases, a trial date assigned by one can be considered a firm date which will not be preempted by a criminal case. Exercise of this jurisdiction by a Magistrate Judge is, however, permitted only if all parties file a voluntarily consent form. Parties may, without adverse substantive consequences, withhold their consent, but this will prevent the Court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

[5] The Court may, at the election of all the parties, refer certain actions to the Voluntary Dispute Resolution Program ("VDRP"). If the parties believe that participation in a mediation and/or a settlement conference with a Magistrate Judge would be beneficial, they are encouraged to contact the Court's Alternative Dispute Resolution (ADR) Division, in writing, at the address or email address below: ADR Division, Attention: Sujean Park, U.S. District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814, email: spark@caed.uscourts.gov. Alternatively, the parties may request referral to the VDRP by filing a Stipulation and Proposed Order reflecting the agreement of all parties to submit the action to the VDRP pursuant to Local Rule 271. Should the parties reach a settlement or otherwise resolve their case by agreement of the parties, they are reminded that it is the duty of counsel to immediately file a notice of settlement or resolution as set forth in Local Rule 160.

1 | be fully authorized to settle the matter on any terms.  At least seven (7) calendar days
2 | before the settlement conference, counsel for each party shall submit to the chambers of
3 | the settlement judge a confidential Settlement Conference Statement.  Such statements
4 | are neither to be filed with the Clerk nor served on opposing counsel.  Each party,
5 | however, shall serve notice on all other parties that the statement has been submitted.  If
6 | the settlement judge is not the trial judge, the Settlement Conference Statement shall not
7 | be disclosed to the trial judge.
8 |      Notwithstanding the foregoing, the parties may request a settlement conference
9 | prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of
10 | the case. In the event an early settlement conference date is requested, the parties shall
11 | file said request jointly, in writing.  The request must state whether the parties waive
12 | disqualification, pursuant to Local Rule 270(b), before a settlement judge can be
13 | assigned to the case.  Absent the parties' affirmatively requesting that the assigned
14 | Judge or Magistrate Judge participate in the settlement conference AND waiver,
15 | pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.
16 | XI.     VOLUNTARY DISPUTE RESOLUTION PROGRAM
17 |      Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed
18 | order requesting referral to the Voluntary Dispute Resolution Program.
19 | XII.    MODIFICATION OF PRETRIAL SCHEDULING ORDER
20 |      The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil
21 | Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court
22 | upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone
23 | to modify the Pretrial Scheduling Order does not constitute good cause.  Except in
24 | extraordinary circumstances, unavailability of witnesses or counsel will not constitute
25 | good cause.
26 | ///
27 | ///
28 | ///

XIII.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within **seven (7) court days** of service of this Order.

IT IS SO ORDERED.

Dated:   October 15, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT